DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-125-RJC
(3:05-cr-89-RJC-DSK-1)
(3:03-cr-199-RJC-DSK)

| | | |
|---|---|---|
| ANTONIO MARTINELLE RANDOLPH, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on Petitioner's Motion to Amend/Correct the Motion to Vacate, (Doc. No. 2). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion to vacate. To this extent, the motion to amend is denied as moot.

**I.    BACKGROUND**

On April 1, 2005, Petitioner pled guilty in this Court to (1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; (2) use and carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (3) conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371; (4) mail fraud in violation of 18 U.S.C. § 1341; and (5) money laundering in violation of 18 U.S.C. § 1956. See (Criminal Case No. 3:03cr199, Doc. No. 49: Judgment; Criminal Case No. 3:03cr89, Doc. No. 9: Judgment, Doc. No. 2: Plea Agreement). On April 2, 2007, the Court sentenced Petitioner to 180

months' imprisonment. Petitioner did not appeal.

On April 4, 2008, Petitioner filed a motion to vacate his convictions in this Court under 28 U.S.C. § 2255. (Case No. 3:08cv148, Doc. No. 1). This Court denied and dismissed the § 2255 motion on June 1, 2011. (Id., Doc. No. 9). On July 9, 2012, Petitioner filed a habeas petition under 28 U.S.C. § 2241 in the Eastern District of North Carolina, which petition was denied and dismissed on December 26, 2012. (E.D.N.C., Case No. 5:2012-hc-02160-FL, Doc. Nos. 1; 4).

On February 19, 2013, Petitioner placed the pending § 2255 motion in the prison mail system, and it was stamp-filed in this Court on February 22, 2013.

## II. DISCUSSION

As noted, Petitioner has already filed, and this Court has denied, a motion to vacate the same conviction and sentence that is the subject of the pending motion to vacate. Thus, this is the second and successive § 2225 petition filed by Petitioner challenging the same conviction and sentence. Furthermore, Petition filed a § 2241 petition in the Eastern District of North Carolina challenging the same conviction and sentence, and that Court denied the petition.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this unauthorized,

successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

Petitioner contends that, under 28 U.S.C. § 2255(h)(2), his petition is not successive because it was filed after the U.S. Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008), which was issued on June 2, 2008. Petitioner filed his first § 2255 motion to vacate on April 4, 2008, before Santos was decided. Section 2255(h)(2) states that a second or successive petition must be certified as provided in 28 U.S.C. § 2244 by a court of appeals if the petition addresses "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). On March 7, 2011, the Fourth Circuit Court of Appeals held that Santos announced a new rule of constitutional law made retroactive to cases on collateral review.[1] United States v. Halstead, 634 F.3d 270 (4th Cir. 2011). Petitioner has not, however, first sought authorization from the Fourth Circuit Court of Appeals to file the instant petition. See 28 U.S.C. § 2244(b)(3)(A). In sum, the instant motion to vacate is an unauthorized, successive petition, and this Court is without jurisdiction to address the motion to vacate on the merits.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first

---

[1] Petitioner raised the same Santos argument in his § 2241 petition filed in the Eastern District of North Carolina and that court dismissed the petition without prejudice, finding that a § 2255 motion to vacate was the proper vehicle for challenging Petitioner's conviction and sentence, and because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition.

3

obtained authorization from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as an unauthorized, successive petition.

2. Petitioner's Motion to Amend, (Doc. No. 2), is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 3, 2015

Robert J. Conrad, Jr.
United States District Judge